```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF VIRGINIA
                   Norfolk Division
```

MARIE NATIVIDAD LAGUNAS-ANTUNEZ, ADMINISTRATOR OF THE ESTATE OF RIGOBERTO LAGUNAS-ANTUNEZ

and

MATEO LAGUNAS-ANTUNEZ,

    Plaintiffs,

v.

CIVIL NO. 2:24-cv-416

COREY RASHAD HAYES-GOODE,
U-HAUL INTERNATIONAL, INC., and
U-HAUL COMPANY OF ARIZONA,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the court on Defendants U-Haul International, Inc. ("UHI") and U-Haul Company of Arizona's ("UHAZ") (collectively, "U-Haul") Objections, ECF No. 184; Plaintiffs' Response to U-Haul's Objections, ECF No. 187; Plaintiffs' Objections, ECF No. 185; and U-Haul's Response to Plaintiffs' Objections, ECF No. 186, to Magistrate Judge Robert J. Krask's Report and Recommendation ("R&R"), ECF No. 183, regarding U-Haul's Motion for Summary Judgment, ECF No. 75 ("Motion"). The R&R recommends that U-Haul's Motion be granted in part and denied in part. ECF No. 183 at 1. For the reasons stated below, the court **OVERRULES** U-Haul's Objections and Plaintiffs' Objections and

**AFFIRMS** the findings and recommendations in the R&R. Accordingly, U-Haul's Motion for Summary Judgment, ECF No. 75, is **GRANTED in part** and **DENIED in part**.

I.

On July 2, 2024, Marie Natividad Lagunas-Antunez, administrator of the estate of Rigoberto Lagunas-Antunez ("Estate of Rigoberto" or "Rigoberto"), filed a Complaint in this court against U-Haul and Corey Rashad Hayes-Goode ("Hayes-Goode"), for various claims arising out of a motor vehicle accident. ECF No. 1. That same day, Mateo Lagunas-Antunez, Rigoberto's brother, also filed a Complaint in this court against the same Defendants for claims arising out of the same accident. ECF No. 1 (Case No. 2:24-cv-417). On October 2, 2024, both Plaintiffs filed Amended Complaints. ECF Nos. 41 (Case No. 2:24-cv-416); 35 (2:24-cv-417). On November 20, 2024, this court consolidated the two cases on U-Haul's motion. ECF No. 52 (2:24-cv-416).

On June 13, 2025, U-Haul filed a Motion for Summary Judgment. ECF No. 75. Following a referral of the Motion from this court, ECF No. 171, Judge Krask issued the R&R on September 8, 2025, recommending that the court grant U-Haul's Motion in part and deny it in part, ECF No. 183.[1] Both U-Haul and Plaintiffs filed

---

[1] On October 21, 2025, Judge Krask entered a Notice of Correction regarding a typographical error in the R&R, in which the R&R "mistakenly referenced count IV as an implied warranty count when it should have referenced count V." ECF No. 188 at 1.

2

Objections to the R&R on September 22, 2025. ECF Nos. 184 ("U-Haul's Objections"), 185 ("Plaintiffs' Objections"). On October 6, 2025, the parties filed their Responses to the respective Objections. ECF Nos. 186 ("U-Haul's Response"), 187 ("Plaintiffs' Response"). U-Haul's Motion for Summary Judgment is now ripe for judicial determination.[2]

Pursuant to Federal Rule of Civil Procedure ("FRCP") 72(b), the court, having reviewed the record in its entirety, must make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed.R.Civ.P. 72(b). Objections to the R&R "must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground of the objection.'" Scott v. Va. Port Auth., No. 2:17-cv-176, 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. General or conclusory objections are the equivalent of a waiver." Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). The Fourth Circuit has observed that if any other rule applied, "judicial resources would be wasted and the district

---

[2] This case has a protracted procedural history, as reflected on the case docket. The relevant portion of the procedural history is set forth here.

3

court's effectiveness based on help from magistrate judges would be undermined." Midgette, 478 F.3d at 622.

For unchallenged portions of the R&R, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

## II.

U-Haul raises three (3) objections to the R&R. See ECF No. 184. First, U-Haul argues that the court cannot permit Plaintiffs to proceed to trial on failure-to-warn claims "because Plaintiffs did not allege failure-to-warn theories under their implied warranty counts." Id. at 2. Second, U-Haul contends that it is entitled to summary judgment on all failure-to-warn claims because U-Haul moved for summary judgment on "all claims." Id. at 3. Alternatively, U-Haul requests leave from the court to file a successive motion for summary judgment specifically addressing the failure-to-warn claims. Id. at 10. Third, U-Haul objects to

the Magistrate Judge's conclusion that a genuine dispute of material fact exists as to causation. Id. at 11.[3]

**A.**

First, U-Haul objects to the Magistrate Judge's conclusion that Plaintiffs pleaded failure-to-warn claims under a theory of implied warranty. Id. at 2; see ECF No. 183 at 30.[4] U-Haul submits that Plaintiffs' "amended complaints plead implied warranty claims (Counts III and V) solely on design/manufacturing defect theories." ECF No. 184 at 2. According to U-Haul, because Plaintiffs did not explicitly state failure-to-warn allegations under Counts III and V, there are no such claims to send to trial, and "[s]ummary judgment should be entered on Counts III and V in their entirety." Id.

This argument is unavailing. Federal Rule of Civil Procedure 10(b) provides that "[a] later pleading may refer by number to a

---

[3] U-Haul also objects to the Magistrate Judge's conclusion that the Estate of Rigoberto's wrongful death claim (Count VI) remains viable "because it is derivative and dependent on the underlying injury claims." ECF No. 184 at 15. However, as discussed below, some of Plaintiffs' claims remain viable, and as such, U-Haul's argument as to the wrongful death claim is **MOOT**. See infra Sections II.A., II.B., II.C.

[4] The issue of whether Plaintiffs' Amended Complaints pleaded failure-to-warn allegations under their implied warranty counts was not raised in U-Haul's Motion for Summary Judgment. See ECF No. 183 at 30 ("U-Haul's [Motion] does not address plaintiffs' failure to warn claims under a theory of negligence or implied warranty. As such, plaintiffs' alternative negligence and warranty theories that the U-Haul truck was unreasonably dangerous due to a failure to warn remain viable.").

5

paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed.R.Civ.P. 10(b). In their respective Amended Complaints, Plaintiffs alleged failure-to-warn claims under a theory of negligence against UHI under Count II and against UHAZ under Count IV. See ECF Nos. 48-1 at 7-10, 11-14 (Estate of Rigoberto's Amended Complaint); 48-2 at 7-10, 12-15 (Mateo's Amended Complaint). Then, under Counts III and V for breach of implied warranty against UHI and UHAZ, respectively, Plaintiffs incorporated all paragraphs from Counts II and IV, which included detailed, particularized failure-to-warn allegations. See ECF Nos. 48-1 at 10, 14; 48-2 at 11, 15.

"'In light of the earlier specification of the factual details' in the [Amended] Complaint incorporated by reference into Counts [III and V]," Plaintiffs have "done enough to at least raise the specter" of a failure-to-warn claim under a theory of implied warranty against U-Haul. Nzabandora v. Univ. of Va., No. 3:17-cv-00003, 2017 WL 4798920, at *2 (W.D. Va. Oct. 24, 2017) (quoting Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1247 (11th Cir. 2004)). "While it may well be preferable to plead different theories of recovery in separate counts, it is not required. Nor is there any requirement that they be pleaded in separate paragraphs." Id. (quoting Hulsey, 367 F.3d at 1247). Thus, Plaintiffs' incorporation of prior allegations into later counts

6

in their respective Amended Complaints is adequate to set forth multiple theories of liability under FRCP 10(b). As such, the Magistrate Judge did not err in concluding that Plaintiffs' failure-to-warn claims under Counts III and V remain viable, and this objection is **OVERRULED**.

**B.**

Second, and relatedly, U-Haul contends that "[s]ummary judgment should also be entered on all failure-to-warn claims notwithstanding the R&R's observation that Defendants' [M]otion did 'not directly address' those claims in the summary-judgment papers." ECF No. 184 at 3 (quoting ECF No. 183 at 3, 30). U-Haul maintains that the fact it did not address any of Plaintiffs' failure-to-warn claims in its Motion is immaterial because "these points were developed in the expert motions more than in the summary-judgment briefs," and because U-Haul "moved for summary judgment on 'all claims' and 'all counts.'" Id. (quoting ECF No. 76 at 3). According to U-Haul, "the record as a whole . . . shows that Plaintiffs' failure-to-warn claims fail on duty and proximate causation." Id.

As U-Haul contends above, id., it is true that a district court "*may enter* summary judgment sua sponte 'so long as the losing party was on notice that she had to come forward with all of her evidence,'" Penley v. McDowell Cnty. Bd. of Educ., 876 F.3d 646, 661 (4th Cir. 2017) (emphasis added) (quoting Celotex Corp. v.

Catrett, 477 U.S. 317, 326 (1986)). The decision to enter summary judgment, however, lies within the court's discretion. See ContraVest Inc. v. Mt. Hawley Ins. Co., 273 F. Supp. 3d 607, 620 (D.S.C. 2017). But, generally, "[a] magistrate's decision should not be disturbed on the basis of arguments not presented to him." Id. (citation omitted). "[P]arties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." Id. (citation omitted). While the district judge may consider issues raised for the first time in objections to an R&R, the district judge is not obligated to do so. Id.; see, e.g., United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992); Hubbard v. Stirling, No. 8:19-cv-01314, 2020 WL 5249231, at *2 (D.S.C. Sep. 3, 2020) (overruling the defendants' objections because they "raise entirely new issues rather than new arguments" (emphasis added)); see also Samples v. Ballard, 860 F.3d 266, 272 (4th Cir. 2017) (clarifying that "a legal case is divided into issues, and issues are further subdivided into arguments" (emphasis in original)).

Here, U-Haul raises new issues for summary judgment as to Plaintiffs' failure-to-warn claims through its Objections. But as discussed above,[5] the court concludes that Plaintiff sufficiently pleaded failure-to-warn claims under the negligence and implied

---

[5] See supra Section II.A.

8

warranty counts (Counts II-V) of their Amended Complaints. U-Haul was thus "on notice" to come forward with all evidence relevant to those claims at the time it filed the Motion for Summary Judgment. Penley, 876 F.3d at 661 (citation omitted). Yet, while U-Haul moved for summary judgment on "all claims," the Magistrate Judge nevertheless determined that U-Haul was not entitled to summary judgment on the failure-to-warn claims because the Motion did not raise any issues thereto. See ECF No. 183 at 30.[6] Thus, because these issues were not presented to the Magistrate Judge, and because the court is not required to review new issues only raised in objections, they are **OVERRULED**.

Alternatively, U-Haul requests leave to file a "targeted supplemental motion for summary judgment limited" to the failure-to-warn claims. ECF No. 184 at 10. While U-Haul is not prohibited from filing such a motion under the Federal Rules of Civil Procedure, successive summary judgment motions are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously available facts, or otherwise award a proverbial second bite at the apple to a dissatisfied litigant." Mey v. Ventura Data, LLC, No. 5:14-cv-123, 2017 WL 10398567, at *2 (N.D.W. Va. July 6, 2017) (citation omitted). This is especially the case where a

---

[6] See supra note 4 and accompanying text.

9

successive motion for summary judgment seeks to address issues "that were available when the first motion was filed." Id. at *1 (citing Brown v. City of Syracuse, 673 F.3d 141, 147 n.2 (2d Cir. 2012) ("[S]uccessive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion.")). "Courts routinely deny such motions on those grounds." White v. Date Trucking, LLC, No. ELH-17-1177, 2018 WL 11469493, at *1 (D. Md. July 20, 2018) (citation omitted).

There has been no change in the evidence available in this case between the filing of U-Haul's Motion for Summary Judgment and the issuance of the R&R. In other words, "there is no new found evidence at issue," Mey, 2017 WL 10398567, at *1, that U-Haul could address in a successive summary judgment motion that was not already available. As U-Haul mentions several times in the Objections, see, e.g., ECF No. 184 at 3, 10, there are outstanding evidentiary motions pending before the court that were not reviewed as part of the R&R. Thus, until such motions have been addressed by the court, the court would exercise its discretion and decline to consider any successive motions for summary judgment filed by U-Haul at this juncture.

### C.

U-Haul's third objection is to the "R&R's conclusion that a genuine dispute of material fact exists as to whether Plaintiffs'

10

van ever occupied the U-Haul truck's right-side blind spot." Id. at 11 (citing ECF No. 183 at 8-14). This argument goes to the element of causation for Plaintiffs' negligence and implied warranty claims against U-Haul. Specifically, U-Haul argues that the Magistrate Judge relied too heavily on Mateo's inconsistent deposition testimony to support his conclusion. Id. at 12. U-Haul asserts that "a party should not be permitted to manufacture a genuine dispute of material fact simply by offering inconsistent versions of his own account." Id.

U-Haul also objects to the Magistrate Judge's reliance on Hayes-Goode's deposition testimony in support of the conclusion regarding causation. Id. at 13. U-Haul notes that Hayes-Goode "would defer to the physical evidence because he did not see anything," and that because "the R&R found that the physical evidence 'appear[s] to support [Defendants'] position,'" the court, too, should defer to the physical evidence. Id. (alterations in original) (quoting ECF No. 183 at 10). Further, U-Haul submits that the testimonies of the expert witnesses and reconstructionists are "the best-and only-guides to the vehicles' relative positions." Id. at 14 (emphasis added).

This is simply untrue. The R&R references several pieces of evidence, aside from Mateo and Hayes-Goode's testimonies, that bring the issue of the vehicles' relative positions into dispute. See ECF No. 183 at 11-13. The R&R even notes that, in addition to

11

Mateo and Hayes-Goode's testimonies, "[t]here exists other facts that could cause a jury to conclude that the van passed through the U-Haul truck's passenger-side blind spot, shortly before the accident," and that "[n]o need exists to exhaustively recite" every piece of the supporting evidence. Id. at 11-12. U-Haul's Objection ignores other evidence supporting the Magistrate Judge's conclusion, and the court does not find the Magistrate Judge's reliance on such to be improper and finds U-Haul to be overreaching.

The court agrees with the Magistrate Judge's conclusion that Plaintiffs have established triable issues of fact related to causation under their negligence and implied warranty claims (Counts II-V). As the R&R correctly notes, "[a]bsent related analysis and application of expertise, the parroting and interpreting of . . . statements by plaintiffs' experts does nothing to transform disputed material facts into undisputed ones." Id. at 13. Any questions regarding the reliability of Mateo and Hayes-Goode's testimonies are immaterial, as "[t]he [c]ourt's task at summary judgment is not 'to weigh the evidence and determine the truth of the matter.'" Id. (quoting Tolan v. Cotton, 572 U.S. 650, 656 (2014)). Such is a task for the jury. Accordingly, U-Haul is not entitled to summary judgment as a matter of law, and its objection based on causation is **OVERRULED.**

### III.

Plaintiffs have also filed objections to the R&R. See ECF No. 185. Plaintiffs primarily object to the Magistrate Juge's conclusion that they did not present sufficient evidence to establish that the U-Haul truck driven by Hayes-Goode met reasonable consumers' expectations to sustain Plaintiffs' design defect claims under various theories of liability. Id. at 3. They argue that the R&R misapplied the consumer expectation test, id. at 2, and that the "analysis misidentifies the 'expectation' at issue and is an improper application of Virginia law," id. at 10.

The court finds no error in the R&R's consumer expectation analysis. Even assuming that Plaintiffs' evidence was sufficient to establish an existing consumer expectation, the court agrees with the Magistrate Judge's conclusion that Plaintiffs' design defect claims cannot stand because Plaintiffs failed to connect any evidence "to the reasonable expectations of consumers renting box trucks for household moves at the time" the U-Haul truck driven by Hayes-Goode was rented. ECF No. 183 at 27 (emphasis in original); see Holiday Motor Corp. v. Walters, 790 S.E.2d 447, 478 n.14 (Va. 2016) (holding that a plaintiff bringing a negligent design claim "must show that the manufacturer failed to meet objective safety standards prevailing at the time the product was made"). Accordingly, Defendants are entitled to summary judgment

13

on Plaintiffs' design defect claims, and Plaintiffs' objections are **OVERRULED**.

In addition to the consumer-expectation objections, Plaintiffs "request clarification that they will be permitted, in arguing U-Haul's failure to provide instructions and warnings, to present all relevant warning options that were available to U-Haul at the time that the [U-Haul] Truck was rented[.]" ECF No. 185 at 3.[7] However, "[a] motion for summary judgment is not a means to obtain preliminary rulings on the admissibility of evidence; therefore, such questions are irrelevant in the context" of the instant Motion. Stroud v. Delta Airlines, Inc., 392 F. Supp. 1184, 1186 (N.D. Ga. 1975). Admissibility determinations are instead reserved for evidentiary motions or trial. As such, the court declines to provide any premature evidentiary rulings at this juncture.

## IV.

For the reasons stated above, after a full review of the record in its entirety, and having made de novo determinations of those portions of the R&R to which the parties have objected, the court accepts and agrees in full with Magistrate Judge Krask's

---

[7] Plaintiffs' "relevant warning options" include "devices such as blind spot lights/indicators and audible warnings, sideview cameras[,] and front fender convex mirrors that provide real-time information to the driver about the presence of adjacent vehicles that may not otherwise be readily visible to the novice box truck driver." ECF No. 185 at 3-4.

14

well-reasoned R&R and finds no error. The court thus **OVERRULES** U-Haul's Objections, ECF No. 184, and Plaintiffs' Objections, ECF No. 185, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R, ECF No. 183. Accordingly, U-Haul's Motion for Summary Judgment, ECF No. 75, is **GRANTED** as to Plaintiffs' design defect claims of negligence in Counts II and IV and of breach of implied warranty in Counts III and V; is **DENIED** as to Plaintiffs' failure-to-warn claims of negligence in Counts II and IV and of breach of implied warranty in Counts III and V; and is **DENIED** as to the Estate of Rigoberto's wrongful death claim in Count VI.[8] Additionally, Plaintiffs' negligence claims in Count I and the Estate of Rigoberto's wrongful death claim in Count VI remain against Hayes-Goode.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

December 19, 2025

---

[8] See supra note 3 and accompanying text.